66 F.3d 317
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Levern JAMES, Defendant-Appellant.
 No. 94-5648.
 United States Court of Appeals, Fourth Circuit.
 Sept. 14, 1995.
 
 William E. Martin, Federal Public Defender, Eric D. Placke, Assistant Federal Public Defender, Greensboro, NC, for Appellant.
 Walter C. Holton, Jr., United States Attorney, John W. Stone, Jr., Assistant United States Attorney, Greensboro, NC, for Appellee.
 Before WIDENER, HALL, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Michael Levern James pled guilty to bank robbery, 18 U.S.C.A. Sec. 2113(a) (West Supp.1995), and received a sentence of 62 months imprisonment. The sentence was to run consecutively to a state sentence James was serving; the undischarged sentence commenced when his state parole was revoked because of the bank robbery. James contends on appeal that the district court erred in failing to apply guideline section 5G1.3(c), p.s.,* and that the consecutive sentence was a departure without adequate basis. We affirm.
 
 
 2
 Because James was already serving a term of imprisonment when he was sentenced for the bank robbery, the district court was required to follow guideline section 5G1.3 in determining whether, and to what extent, the sentence should be consecutive or concurrent to the undischarged sentence. United States v. Wiley-Dunaway, 40 F.3d 67, 70-71 (4th Cir.1994). Because neither subsection (a) nor subsection (b) applied to James's situation, subsection (c) was controlling.
 
 
 3
 Usually, under subsection (c), the district court determines to what extent the sentence should be consecutive (the "reasonable incremental penalty") by approximating the sentence which would be imposed if sentence were being imposed for both the instant offense and the offense underlying the undischarged sentence. USSG Sec. 5G1.3, comment. (n. 3). However, Application Note 4 to section 5G1.3 provides that, when the undischarged sentence results from revocation of parole, and the defendant was on parole when he committed the instant offense, the sentence for the instant offense should be consecutive in order to ensure a reasonable incremental penalty. The district court was thus in compliance with section 5G1.3 when it imposed a consecutive sentence.
 
 
 4
 Accordingly, we affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov.1994)